```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------X
ROBERT PANTON,                      x
                                    x    89 Cr. 346 (SWK)
                                    x    98 Civ. 1881 (SWK)
              Plaintiff,            x
                                    x
         -against-                  x
                                    x
                                    x
UNITED STATES OF AMERICA,           x    OPINION & ORDER
                                    x
                                    x
              Defendants.           x
------------------------------------X
```
**SHIRLEY WOHL KRAM, U.S.D.J.**

Pro se petitioner Robert Panton ("Panton") moves pursuant to Federal Rule of Civil Procedure 60(b) for relief from this Court's denial of his 28 U.S.C. § 2255 habeas petition. Panton's amended motion cites recent Supreme Court sentencing doctrine to argue that the "piece meal [sic] explanation of 'statutory maximum' assisted in destroying the integrity of the § 2255 proceedings, in which petitioner likely would have received relief." (Req. for Leave to File Am. 60(b) Pet. 3, Jan. 26, 2005.) For the reasons set forth below, Panton's motion is denied.

**BACKGROUND**

On June 13, 1991, a grand jury sitting in the Southern District of New York returned a twenty-count indictment against Panton and several co-defendants. Count One charged Panton with conspiring to distribute and possess with intent to distribute

more than a kilogram of heroin between April 1987 and May 1989, in violation of 21 U.S.C. §§ 841(b)(1)(A) and 846. On January 29, 1992, a jury convicted Panton on Count One and, on May 25, 1994, this Court sentenced him to life imprisonment. On January 19, 1996, the Second Circuit affirmed Panton's conviction. See United States v. Lemon, 100 F.3d 942 (2d Cir. 1996), cert. denied, 519 U.S. 853 (1996).

On October 18, 1999, this Court denied Panton's original § 2255 habeas petition. On appeal, the Second Circuit remanded with instructions to permit Panton to amend his petition and to consider the merits of his claim under Apprendi v. New Jersey, 530 U.S. 466 (2000). This Court denied Panton's amended petition on April 22, 2002, and the Second Circuit dismissed his appeal on September 3, 2003.

On August 2, 2004, Panton moved, pursuant to Federal Rule of Civil Procedure 60(b)(5) and (6), to vacate the Court's denial of his § 2255 petition. In that filing, Panton argued that the Court engaged in improper judicial fact-finding during sentencing and that he received ineffective assistance of counsel during his appeal. (Mot. to Vacate J. of Denial of § 2255 Mot., Aug. 2, 2004.) On January 26, 2005, Panton amended his motion, clarifying that he was challenging the "integrity of [the] § 2255 proceedings" and not the "constitutional claims of

2

ineffective assistance of counsel and 3C1.1 beyond a reasonable doubt issue." (Req. for Leave to File Am. 60(b) Pet. 1, 3.)

**DISCUSSION**

Federal Rule of Civil Procedure 60(b) provides relief from judgment where "(5) the judgment has been satisfied, released, or discharged, or a prior judgment upon which it is based has been reversed or otherwise vacated, or it is no longer equitable that the judgment should have prospective application; or (6) any other reason justifying relief from the operation of the judgment." When employed to challenge a habeas denial, Rule 60(b) only provides relief "when the Rule 60(b) motion attacks the integrity of the previous habeas proceeding rather than the underlying criminal conviction." Harris v. United States, 367 F.3d 74, 77 (2d Cir. 2004) (citing Rodriguez v. Mitchell, 252 F.3d 191 (2d Cir. 2001)).

Though Panton claims to challenge the integrity of the previous habeas proceeding, he provides little explanation of how that proceeding was flawed. Panton cites United States v. Booker, 125 S. Ct. 738 (2005), and Blakely v. Washington, 542 U.S. 296 (2004), in support of his argument that the habeas proceeding was flawed by the Court's "misunderstanding of the applicable 'statutory maximum' . . . that applied to the petitioner." (Req. for Leave to File Am. 60(b) Pet. 1.). Presumably, he is arguing that the Supreme Court's evolving

3

sentencing jurisprudence undermined this Court's sentencing determinations and its subsequent habeas review of those determinations.[1] Putting aside the question of whether this more accurately challenges the previous habeas proceeding or the underlying sentencing determination, it is undisputed that neither Booker nor Blakely may be applied retroactively on collateral review of a conviction that was final when those cases were decided. Green v. United States, 397 F.3d 101, 103 (2d Cir. 2005); Guzman v. United States, 404 F.3d 139, 141 (2d Cir. 2005); Negron v. United States, No. 01 Civ. 5868, 2005 WL 1153773, at *1 (S.D.N.Y. May 16, 2005) (applying Guzman to a Rule 60(b) motion asking the court to vacate its denial of a § 2255 motion). Panton's sentence became final when the Supreme Court denied his application for certiorari, see Clay v. United States, 537 U.S. 522, 527 (2003), nearly eight years before either Blakely or Booker was decided. Thus, the affect of these decisions on current sentencing law does not undermine the integrity of the earlier habeas proceeding.

---

[1] This interpretation of Panton's argument is supported by Panton's allegation that the courts have engaged in a piecemeal explanation of the applicability (and constitutionality) of statutory maximums under state and federal sentencing guidelines. (Req. for Leave to File Am. 60(b) Pet. 3.) Both Booker and Blakely considered the constitutionality of sentences that, having been lengthened by judicial fact-finding, exceeded the statutory maximum of the sentencing range prior to the judicial fact-finding. Panton's previous habeas proceeding addressed a similar argument based on Apprendi.

Panton's analogy to Pichardo v. Ashcroft, 374 F.3d 46 (2d Cir. 2004), is inapposite. In that case, the petitioner moved for reconsideration after his habeas counsel failed to raise a legal precedent that had been decided while the habeas proceeding was pending before the district court. Id. at 56. The Second Circuit panel concluded that the district court's failure to consider that existing legal precedent undermined the legitimacy of the court's § 2255 denial. The panel also noted that the defective habeas proceeding "in large part was due to incompetent lawyering." Id. Though the defects in Pichardo illustrate a valid challenge to the integrity of a habeas proceeding, those defects are absent in this case. Here, Booker and Blakely were decided years after Panton's habeas proceeding; the Court did not fail to apply existing law at the time of the proceeding. Moreover, as Panton represented himself pro se during his habeas petition, he cannot argue that ineffective assistance of counsel damaged the proceeding. Panton's habeas proceeding simply was not flawed like the proceeding in Pichardo.

Panton also argues that the habeas denial "rested on a defective foundation" because the Court ruled "on the incorrect '[s]tatutory maximum' in [the] initial habeas proceeding." (Reply to the Government's Resp. to the Petitioner's Am. 60(b) Pet. 3, May 11, 2005.) In support of this proposition, Panton

5

relies on Abdur'Rahman v. Bell, 392 F.3d 174 (6th Cir. 2004), vacated, 125 S.Ct. 2991 (2005). In Abdur'Rahman, the petitioner's habeas claims were procedurally barred because he failed to exhaust remedies prior to his habeas petition. Id. at 177. While petitioner's appeal of the habeas denial was pending, the Tennessee Supreme Court promulgated a rule clarifying the proper procedures for exhaustion of remedies. Id. at 178. In light of this legal change, the Sixth Circuit reversed the district court's refusal to reconsider the procedurally defaulted habeas petition. Id. at 182.

Panton's motion is easily distinguishable from Abdur'Rahman's request to reconsider a procedurally barred habeas petition after the procedural bar had been lifted. In Panton's case, the Court has already ruled on the merits of his § 2255 challenge and he again challenges the legal foundation of the underlying sentence.[2] Here, the "factual predicate in support of the [Rule 60(b)] motion constitutes a direct challenge to the

---

[2] In Gonzalez v. Crosby, 125 S. Ct. 2641 (2005), the Supreme Court defined "on the merits" in the habeas context. The Court explained that "on the merits" refers "to a determination that there exist or do not exist grounds entitling a petitioner to habeas corpus relief," rather than "a previous ruling which precluded a merits determination . . . for example, a denial for such reasons as failure to exhaust, procedural default, or statute-of-limitations bar." Id. at 2648 n.4. Although the Gonzalez Court limited its consideration to habeas petitions challenging state convictions pursuant to 28 U.S.C. § 2254, id. at 2646 n.3, the opinion remains instructive in the context of § 2255. It is also worth noting that Abdur'Rahman has been vacated and remanded for further consideration in light of Gonzalez.

constitutionality of the underlying" sentence, rather than to "the procedural basis on which the district court's judgment denying his habeas petition rested." Id. at 177. Ultimately, even though Panton frames the instant motion as a challenge to the Court's disposition of his sentencing arguments during the initial habeas proceeding, he is truly challenging the constitutionality of his underlying sentence. This type of challenge is inappropriate on a Rule 60(b) motion, and is properly raised in a second or successive § 2255 petition. Moreover, even if Panton's challenge had been appropriate in this context, the Court has already explained that the foundations of his challenge, the Booker and Blakely decisions, are inapplicable on collateral review. See supra.

Briefly, the Court considers Panton's original motion for reconsideration, which alleged that he received ineffective appellate assistance and that the Court erred in its sentencing calculations. Both of these claims openly attack Panton's underlying conviction, not the integrity of the previous habeas proceeding. Cf. Harris, 367 F.3d at 77 n.2 (declining to reach the merits of the petitioner's "ineffective appellate assistance claim or of his claim that the district court erred in 1994 when it calculated his prison sentence" because the court already denied the petitioner's one valid challenge to the habeas proceeding). Thus, these portions of the motion are denied "as

beyond the scope of Rule 60(b)." Gitten v. United States, 311 F.3d 529, 534 (2d Cir. 2002). Panton may only raise these issues in a second or successive § 2255 petition.

For the foregoing reasons, Panton's motion is denied in its entirety.

SO ORDERED.

_____
SHIRLEY WOHL KRAM
UNITED STATES DISTRICT JUDGE

Dated: New York, New York
November 16, 2005