```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------X
ROBERT PANTON,                      x
                                    x      89 Cr. 346 (SWK)
         Petitioner                 x      98 Cv. 1881 (SWK)
                                    x
         -against-                  x      **MEMORANDUM OPINION**
                                    x
UNITED STATES OF AMERICA ,          x
                                    x
         Respondent.                x
------------------------------------X
```

**SHIRLEY WOHL KRAM, U.S.D.J.**

Pro se petitioner Robert Panton ("Panton") moves the Court for relief from the denial of (a) his amended 28 U.S.C. § 2255 petition, and (b) his first Rule 60(b) motion for relief from denial of the same petition. For the reasons that follow, both of Panton's motions are denied.

**I.   BACKGROUND**

On June 13, 1991, a grand jury sitting in the Southern District of New York returned a twenty-one count indictment against Panton and several co-defendants. Count One charged Panton with conspiring to distribute and possess with intent to distribute more than a kilogram of heroin between April 1987 and May 1989, in violation of 21 U.S.C. §§ 841(b)(1)(A) and 846. On January 29, 1992, a jury convicted Panton on Count One and, on May 25, 1994, this Court sentenced him to life imprisonment. On January 19, 1996, the Second Circuit affirmed Panton's

conviction. See United States v. Lemon, 100 F.3d 942 (2d Cir. 1996), cert. denied, 519 U.S. 853 (1996).

On October 18, 1999, this Court denied Panton's original § 2255 habeas petition, which contained allegations of, inter alia, ineffective assistance of counsel. See Panton v. United States, 98 Cv. 1881 (SWK), 1999 WL 945523 (S.D.N.Y. Oct. 18, 1999). On appeal, the Second Circuit remanded with instructions to permit Panton to amend his petition and to consider the merits of his claim under Apprendi v. New Jersey, 530 U.S. 466 (2000). This Court denied Panton's amended petition on April 22, 2002, see Panton v. United States, 98 Cv. 1881 (SWK), 89 Cr. 346 (SWK), 2002 WL 655205 (S.D.N.Y. Apr. 22, 2002), and the Second Circuit dismissed his appeal on September 3, 2003.

On August 2, 2004, Panton moved, pursuant to Federal Rule of Civil Procedure 60(b)(5) and (6), to vacate the Court's denial of his § 2255 petition, arguing that, inter alia, he received ineffective assistance of counsel during his appeal. See 89 Cr. 346 (SWK), Dkt. No. 763. Panton later amended his motion, clarifying that he was challenging the "integrity of [the] § 2255 proceedings" and not the "constitutional claims of ineffective assistance of counsel and 3C1.1 beyond a reasonable doubt issue." 89 Cr. 346 (SWK), Dkt. No. 766, at 1, 3. On November 16, 2005, the Court denied Panton's Rule 60(b) motion.

2

See Panton v. United States, 89 Cr. 346 (SWK), 1998 Cv. 1881 (SWK), 2005 WL 3078224, at *2 - *3 (S.D.N.Y. Nov. 16, 2005).

Panton's next submission, dated December 12, 2005, was styled a "Judicial Notice Filed Pursuant to Rule 201(d)" (the "First Judicial Notice"). There, Panton argued that the Court wrongly construed as a successive § 2255 petition[1] his claim "pertaining to ineffective assistance of appellate counsel for not raising the Booker type [sic] claim on direct appeal as the appellant requested," and for failing to timely inform Panton that he could raise the issue himself pro se. (First Judicial Notice 1.) Then, in another "Judicial Notice Filed Pursuant to Rule 201(d)," dated March 26, 2008 (the "Second Judicial Notice"), Panton (a) claimed that the Court erred in failing to review again his ineffective assistance claim when considering his amended § 2255 petition, and (b) stated that his "[Rule] 59(e) [motion] has been pending approximately 2 years and 4 months since filed after denial of [the Rule] 60(b) motion." (Second Judicial Notice 1.) The Court now addresses the arguments set forth in these two Judicial Notices.

---

[1] The Antiterrorism and Effective Death Penalty Act (AEDPA) allows the court of appeals to certify second or successive habeas petitions only under limited circumstances. See 28 U.S.C. § 2255.

## II. DISCUSSION

Judicial Notices typically ask only that a Court take judicial notice of certain case law pursuant to Federal Rule of Evidence 201(d). The Judicial Notices at issue here, however, also contain the substantive claims detailed above. Because courts should construe pro se pleadings broadly and interpret them to raise the strongest arguments they suggest, see Cruz v. Gomez, 202 F.3d 593, 597 (2d Cir. 2000) (internal quotation marks and citation omitted), the Court will not only take notice of the cited case law but also address Panton's legal arguments.

### A. The First Judicial Notice

The First Judicial Notice did not invoke any Federal Rule of Civil Procedure. In the Second Judicial Notice, however, Panton referred to a "[Rule] 59(e) [motion]" that purportedly has been pending for over two years. As the docket reveals no other Rule 59(e) motion filed in this case, the Court concludes that Panton intends the First Judicial Notice to serve as a Rule 59(e) motion for reconsideration of the Court's denial of his Rule 60(b) motion, on the ground that the Court improperly construed his ineffective appellate assistance claim as a successive § 2255 petition.

A petitioner may move under Rule 59(e) for post-conviction relief. See, e.g., United States v. Clark, 984 F.2d 31, 34 (2d Cir. 1993). A Rule 59(e) motion must be filed within 10 days

4

after the entry of a judgment. See Fed. R. Civ. P. 59(e); Lichtenberg v. Besicorp Grp., Inc., 204 F.3d 397, 401 (2d Cir. 2000) (holding that ten-day time limit cannot be extended by order of court). The Court denied Panton's Rule 60(b) motion on November 16, 2005, but Panton did not file the First Judicial Notice until December 12.[2] It is therefore untimely. See United States v. Pedraza, 466 F.3d 932, 933 (10th Cir. 2006) (indicating that Rule 59(e) motion for reconsideration of prior decision construing Rule 60(b) motion as successive § 2255 petition must be placed in prison mailbox within ten days of district court's order).

Nonetheless, courts in this Circuit have construed untimely Rule 59(e) motions for post-conviction relief as Rule 60(b) motions for reconsideration. See, e.g., Clark, 984 F.2d at 32 (holding that motion to reconsider denial of § 2255 petition constitutes Rule 59(e) motion if filed within ten days after entry of judgment, and Rule 60(b) motion if filed thereafter); Aboushi v. United States, 05 Cv. 1244 (FB), 2007 WL 776812, at *2 (E.D.N.Y. Mar. 13, 2007) (holding that "untimely motion for reconsideration" should be construed as Rule 60(b) motion instead of as successive § 2255 petition); Eubanks v. United

---

[2] Under the "prison mailbox rule," a submission by an imprisoned pro se petitioner is deemed filed on the day it is given to prison officials. Noble v. Kelly, 246 F.3d 93, 97 (2d Cir. 2001).

5

States, 97 Cv. 3891 (OKL), 92 Cr. 392 (PKL), 2006 WL 2588093, at *1 (S.D.N.Y. Sept. 8, 2006) (relying on Clark to construe Rule 59(e) motion for reconsideration filed more than ten days after denial of Rule 60(b) motion as successive Rule 60(b) motion). The Court therefore construes the First Judicial Notice as a successive Rule 60(b) motion.[3]

Although he frames his argument in the First Judicial Notice somewhat obliquely, Panton apparently contends that the Court erroneously construed the ineffective appellate assistance claims in his first Rule 60(b) motion as a successive § 2255 petition. Panton, however, incorrectly interprets the Court's denial of his first Rule 60(b) motion.

When clarifying the grounds for his first Rule 60(b) motion, Panton seemingly retracted any reliance on the ineffective appellate assistance argument, emphasizing that he included it only to provide a "history of the proceedings," 89 Cr. 346 (SWK), Dkt. No. 766, at 3, and to show the Court that "it would not be a futile exercise to grant [the Rule] 60(b) petition," 89 Cr. 346 (SWK), Dkt. No. 772, at 4. Similarly, the Court denied the motion not because Panton mentioned ineffective assistance, but because he failed to demonstrate that the Court misapplied the law in its habeas review of his sentence, see

---

[3] "There is no automatic statutory bar to the filing of successive Rule 60(b) motions . . . ." Eubanks, 2006 WL 2588093, at *1 (citation omitted).

6

Panton, 2005 WL 3078224, at *2, and because, as a pro se litigant, he could not argue that his habeas counsel was ineffective, see id. The Court could not, and did not, construe as a successive § 2255 petition an argument that Panton expressly disclaimed making in his amended Rule 60(b) motion.

Presumably, then, Panton contends that the Court made its allegedly erroneous construction based on its other remarks in the opinion denying the first Rule 60(b) motion. After holding that Panton had failed to show that his habeas proceeding was flawed, the Court noted that, "even though Panton frames the instant motion as a challenge to the . . . initial habeas proceeding, he is truly challenging the constitutionality of his underlying sentence." Panton, 2005 WL 3078224, at *3. It further remarked that, had Panton based the motion on ineffective appellate assistance--as he appeared to do before he amended the motion--that claim would fall beyond the scope of Rule 60(b) and would have to be brought instead in a successive § 2255 petition. See id. The Court, however, merely denied Panton's Rule 60(b) motion; it never transferred the motion to the Second Circuit for consideration of a successive § 2255 petition. See Harris v. United States, 367 F.3d 74, 82 (2d Cir. 2004) (stating that, when Rule 60(b) motion merely attacks underlying conviction or sentence, court can either transfer case to court of appeals as successive § 2255 petition or deny motion as

7

beyond scope of Rule 60(b)). The Court cannot reconsider a decision that it has never made. Therefore, the allegations contained in the First Judicial Notice must fail.[4]

**B. The Second Judicial Notice**

In the Second Judicial Notice, Panton argues that the Court erred in its assessment of his amended § 2255 petition because it failed to reconsider the ineffective assistance claim made in his original habeas petition, despite the fact that ineffective assistance was "the strongest argument the petition suggested (although not stated)." (Second Judicial Notice 1 (citing Cruz,

---

[4] Additionally, Panton appears to argue that, even if he had raised the ineffective appellate assistance claim as a basis for his Rule 60(b) motion, this claim--based on counsel's alleged failure to raise arguments similar to those subsequently adopted in Blakely v. Washington, 542 U.S. 296 (2004), and United States v. Booker, 543 U.S. 220 (2005)--cannot constitute a successive § 2255 petition, because he could not have raised the argument in his first § 2255 petition, which was filed before either case was decided. (See First Judicial Notice 1.) On this point, the Court notes that Panton's ineffective assistance claim existed prior to the decisions in Blakely and Booker and is therefore not dependent on the dates of decision of either case. Thus, Panton could have raised the claim in his initial § 2255 petition. Additionally, the case upon which Panton relies in making this argument, Muniz v. United States, 236 F.3d 122 (2d Cir. 2001), is inapposite. In Muniz, the court held that a petition cannot be construed as a successive § 2255 petition under AEDPA if the first § 2255 petition was not decided on the merits. 236 F.3d at 127 (citations omitted). Here, by contrast, the Court "has already ruled on the merits of [Panton's] § 2255 challenge," Panton, 2005 WL 3078224, at *3; see also Panton, 1999 WL 945523, at *3-*5 (holding that Panton's other ineffective assistance claims were procedurally barred, but also rejecting them on the merits), and his ineffective assistance argument pertains not to the integrity of the habeas proceeding but to his underlying sentence.

8

202 F.3d at 597).) The Court construes this allegation as a Rule 60(b) motion for relief from the denial of the amended § 2255 petition. See Clark, 984 F.2d at 32. Whether construed as a Rule 60(b)(1) motion premised on mistake, or as a Rule 60(b)(6) motion for "any other reason that justifies relief," Panton's motion, filed nearly six years after the denial of the amended habeas petition, is patently untimely. See Fed. R. Civ. P. 60(c) (requiring all Rule 60(b) motions to be filed within "a reasonable time," and Rule 60(b)(1) motions to be filed no more than one year after entry of judgment); Rodriguez v. Mitchell, 252 F.3d 191, 201 (2d Cir. 2001) ("We do not think that three and one-half years from the date judgment was entered is a reasonable time.").

Moreover, even if this motion were not time-barred, a cursory review of the Second Circuit's remand order shows the motion to be meritless. The Court of Appeals remanded Panton's § 2255 petition solely so that this Court could consider his Apprendi claim. It then refused to issue a certificate of appealability for Panton's remaining claims, concluding that they were all "procedurally barred or meritless." 89 Cr. 346 (SWK), Dkt. No. 700 (citations omitted). The Court could not err in failing to address an argument suggested in Panton's amended § 2255 petition that the Second Circuit (a) did not include in the remand order, and (b) had already foreclosed as procedurally

9

barred or meritless. Therefore, Panton's error allegation in the Second Judicial Notice cannot succeed.

**III. CONCLUSION**

For the foregoing reasons, the claims for relief contained in the First and Second Judicial Notices are denied in their entirety.


SO ORDERED.

```
                          _____
                                SHIRLEY WOHL KRAM
                          UNITED STATES DISTRICT JUDGE
```


Dated:   New York, New York
         April 9, 2008

barred or meritless. Therefore, Panton's error allegation in the Second Judicial Notice cannot succeed.

### III. CONCLUSION

For the foregoing reasons, the claims for relief contained in the First and Second Judicial Notices are denied in their entirety.

SO ORDERED.

_____
SHIRLEY WOHL KRAM
UNITED STATES DISTRICT JUDGE

Dated: New York, New York
April 9, 2008



USDC SDNY
DOCUMENT
ELECTRONICALLY FILED