UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

UNITED STATES OF AMERICA,

                    Plaintiff,

-against-

ROBERT PANTON,

                    Defendant.

No. 89-CR-346 (LAP)

MEMORANDUM & ORDER

---

LORETTA A. PRESKA, Senior United States District Judge:

Pro se petitioner Robert Panton moves, pursuant to the All Writs Act, 28 U.S.C. § 1651, to vacate, set aside or correct his 1992 conviction for conspiracy to distribute heroin.  (See Motion to Vacate ("Motion to Vacate"), dated October 30, 2020 [dkt. no. 926], at 1.)  Mr. Panton argues that the judgment was invalid because the jury instructions altered the substance of the indictment, improperly broadening the basis for conviction. (See Motion to Vacate at 1.)

     For the reasons stated below, the motion is DENIED.

I.   **Background**

     On January 29, 1992, Mr. Panton was convicted, following trial before the Honorable Shirley Wohl Kram, of conspiracy to possess with the intent to distribute heroin in violation of 21 U.S.C. §§ 812, 841(a)(1), 841(b)(1)(A), and 846.  (PSR ¶¶ 32,

111.)  On May 25, 1994, Mr. Panton was sentenced to life imprisonment.  (See dkt. no. 910-3 at 18.)

Mr. Panton subsequently appealed his conviction, and, on January 19, 1996, the Court of Appeals affirmed his conviction. United States v. Lemon, 100 F.3d 942 (2d Cir. 1996), cert. denied, 519 U.S. 853 (1996).  Since 1996, Mr. Panton has filed several post-conviction motions.

Mr. Panton first filed a motion pursuant to 28 U.S.C. § 2255 to vacate, set aside, or correct his sentence based on ineffective assistance of counsel. (See Motion to Vacate, dated March 16, 1998 [dkt. no. 649].)  On October 18, 1999, Judge Kram denied the motion.  See Panton v. United States, No. 89-CR-346 (SWK), 1999 WL 945523 (S.D.N.Y. Oct. 18, 1999).  Following Mr. Panton's appeal of Judge Kram's denial, the Court of Appeals remanded the matter to allow Mr. Panton to amend his petition and instructed the Court to consider the merits of Mr. Panton's claim under Apprendi v. New Jersey, 530 U.S. 466 (2000), which had been decided while the appeal of his 28 U.S.C. § 2255 motion was pending. (See dkt. no. 910-5.)  On remand, Judge Kram denied the motion, finding that Apprendi did not apply retroactively on collateral review of a conviction.  See Panton v. United States,

No. 98-CV-1881 (SWK), 2002 WL 655205, at *3 (S.D.N.Y. Apr. 22,
2002).

On August 2, 2004, Mr. Panton moved pursuant to Rule
60(b)(5) and 60(b)(6) of the Federal Rules of Civil Procedure to
vacate Judge Kram's denial of his 28 U.S.C. § 2255 motion,
maintaining that he had received ineffective assistance of
appellate counsel. (See Rule 60(b) Motion, dated July 24, 2004
[dkt. no. 763] (amended at dkt. no. 766).)  The Court denied Mr.
Panton's Rule 60(b) motion. (See dkt. no. 779.)  Mr. Panton
thereafter filed a motion for reconsideration of the denial of
his Rule 60(b) motion.

In 2018, Mr. Panton's case was reassigned to this Court
following Judge Kram's death.  The Court construed Mr. Panton's
60(b) motion as a successive 28 U.S.C. § 2255 motion and entered
an Order, pursuant to 28 U.S.C. § 1631, transferring Mr.
Panton's motion to the Court of Appeals for consideration. (See
dkt. no. 882.)  The Court of Appeals denied Mr. Panton's
application, finding that he had not made a prima facie showing
that he had satisfied the requirements of 28 U.S.C. § 2255(h).
(Dkt. no. 887.)

On May 26, 2020, Mr. Panton moved for resentencing pursuant
to the First Step Act. (See Memorandum in Support, dated May 26,
2020 [dkt. no. 910].)  Due to the extraordinary circumstances
imposed by the COVID-19 pandemic, among other compelling

considerations set out in full in the Court's resentencing Order, this Court reduced Mr. Panton's life sentence to time served plus one week and imposed five years supervised release. See <u>United States v. Panton</u>, No. 89-CR-346 (LAP), 2020 WL 4505915 (S.D.N.Y. Aug. 4, 2020).

Mr. Panton's counsel subsequently informed the Court that, upon Mr. Panton's release from Bureau of Prisons custody, on or about August 11, 2020, Mr. Panton was taken into custody of U.S. Immigration and Customs Enforcement ("ICE") because he is not a U.S. citizen. (<u>See</u> Letter from H. Protass, dated November 10, 2020 [dkt. no. 921].)  Mr. Panton since has been released to an Alternative to Detention program, where he continues to serve the supervised release portion of his sentence.  (<u>See</u> Petitioner's Letter ("August 4 Letter"), dated August 4, 2021 [dkt. no. 938].)

Mr. Panton currently is in removal proceedings before Immigration Court due to his conviction.[1]  Most recently, Mr.

---

[1] (<u>See</u> Motion to Vacate at 2.)  In his January letter, Mr. Panton's counsel informed the Court that Mr. Panton had secured the National Immigrant Justice Center to represent Mr. Panton in his immigration proceedings. (<u>See</u> Letter from H. Protass, dated January 4, 2021 [dkt. no. 925], at 2.)

Panton appealed the removal Order to the Board of Immigration Appeals, which the Board denied. (See August 4 Letter.)

Mr. Panton filed a pro se petition for the writ of coram nobis or audita querela, on January 4, 2021, pursuant to the All Writs Act, 28 U.S.C. § 1651, to vacate certain counts of his 1991 conviction on account of alleged constitutional violations in the underlying trial proceedings.  (See Motion to Vacate at 1.)

## II.  **Legal Standard**

A writ of coram nobis is an ancient remedy of common law, and is designed to correct, in extraordinary circumstances, fundamental errors of fact or of law.  United States v. Denedo, 556 U.S. 904, 910, 912–13 (2009).  A petitioner seeking the writ must demonstrate that "errors of the most fundamental character have rendered the proceeding itself irregular and invalid." Foont v. United States, 93 F.3d 76, 78 (2d Cir. 1996) (cleaned up).  Specifically, a petitioner must show "that 1) there are circumstances compelling such action to achieve justice, 2) sound reasons exist for failure to seek appropriate earlier relief, and 3) the petitioner continues to suffer legal consequences from his conviction that may be remedied by

granting of the writ."  Doe v. United States, 915 F.3d 905, 910

(2d Cir. 2019).

"In reviewing a petition for the writ, [the] [C]ourt must

presume that the proceedings were correct, and the burden of

showing otherwise rests on the petitioner."  United States v.

Mandanici, 205 F.3d 519, 524 (2d Cir. 2000).

A writ of audita querela is available when "the absence of

any avenue of collateral attack would raise serious

constitutional questions about the laws limiting those avenues."

United States v. Richter, 510 F.3d 103, 104 (2d Cir. 2007).

**III. Discussion**

A. Custody Requirement

The Government contends that coram nobis relief is

unavailable to Mr. Panton because Mr. Panton remains on

supervised release and is therefore "in custody" for purposes of

post-conviction relief.  (See Rp.'s Letter in Opposition to

Motion to Vacate ("Opposition Letter"), dated February 3, 2021

[dkt. no. 928], at 3.)  The Government argues that, as a result,

habeas corpus is Mr. Panton's sole avenue to seek relief and

that the Court therefore should construe Mr. Panton's motion as

a habeas corpus petition.  (See id.)  However, because Mr.

Panton previously has filed two post-conviction petitions

attacking his sentence pursuant to 28 U.S.C. § 2255, the

Government argues that Mr. Panton's filing constitutes a

"successive" petition for which he first must obtain approval from the Court of Appeals.  28 U.S.C. § 2244(b)(3)(A); see Opposition Letter at 4.

Individuals who have completed their sentences--and thus are no longer "in custody" within the meaning of 28 U.S.C. § 2255--may avail themselves of the writ of coram nobis.[2] Whether the remedy is unavailable to individuals in custody is a distinct question.  The Sixth, Seventh, Eighth, Ninth and Eleventh circuits have held that the remedy is unavailable to individuals in custody.  See United States v. Acosta, 10 F. App'x 294, 296 (6th Cir. 2001)(listing authority).

Within this Circuit, however, it is not settled law that "the mere status of being 'in custody' bars an individual from seeking a writ of coram nobis," see Kaminski v. United States, 339 F.3d 84, 90 n.4 (2d Cir. 2003), as the Government contends, (see Opposition Letter at 3). However, the writ is generally regarded as a remedy of "last resort" for individuals who have

---

[2] See Chaidez v. United States, 568 U.S. 342, 345 n.1 (U.S. 2013) ("A petition for a writ of coram nobis provides a way to collaterally attack a criminal conviction for a person . . . who is no longer 'in custody' and therefore cannot seek habeas relief under 28 U.S.C. § 2255 . . . ."); Fleming v. United States, 146 F.3d 88, 89-90 (2d Cir. 1998) ("Coram nobis is essentially a remedy of last resort for petitioners who are no longer in custody . . . and therefore cannot pursue direct review or collateral relief by means of a writ of habeas corpus."); see also United States v. Acosta, 10 F. App'x 294, 296 (6th Cir. 2001) ("A prisoner in custody is barred from seeking a writ of error coram nobis.").

completed their sentences and are, therefore, unable to file a petition pursuant to 28 U.S.C. § 2255.[3]  Because Mr. Panton is "in custody" for purposes of 28 U.S.C. § 2255,[4] such is the appropriate vehicle for relief.[5]

Because <u>coram nobis</u> relief is unavailable to Mr. Panton, the Court will construe his filing as a subsequent § 2255 petition.[6]  And, because this is the third such petition Mr.

---

[3] <u>See</u> <u>Fleming</u>, 146 F.3d at 89-90; <u>see also</u> <u>Mandarino v. Ashcroft</u>, 290 F. Supp. 2d 253, 257-58 (D. Conn. 2002) (concluding that where petitioner was serving term of supervised release, <u>coram nobis</u> was precluded by 28 U.S.C. § 2255).

[4] <u>See</u> <u>Scanio v. United States</u>, 37 F.3d 858, 860 (2d Cir. 1994) ("[A] petitioner under supervised release may be considered 'in custody' [for purposes of habeas corpus]."); <u>Schwartz v. United States</u>, 888 F. Supp. 24, 26 (S.D.N.Y. 1995) ("[P]etitioner was subject to a term of supervised release of three years. Thus, at the time the instant petition was filed, he was still 'in custody' within the meaning of [28 U.S.C. § 2255].").

[5] <u>See</u> <u>United States v. Morgan</u>, 346 U.S. 502, 512 (1954) (directing district court to consider writ of <u>coram nobis</u> where "no other remedy [was] . . . available"); <u>United States v. Salcido</u>, 475 F. App'x 788, 789 (2d Cir. 2012)(incarcerated petitioner "[fell] outside the paradigmatic scope of <u>coram nobis</u> relief"); <u>Lazreg v. United States</u>, No. 09-CR-00399 (NGG), 2019 WL 3412109, at *2 (E.D.N.Y. July 26, 2019) ("[Coram nobis] relief is typically granted only when a prisoner is out of custody and cannot pursue habeas relief."); <u>see also</u> <u>Jimanian v. Nash</u>, 245 F.3d 144, 146-47 (2d Cir. 2001) ("§ 2255 is generally the proper vehicle for a federal prisoner's challenge to his conviction . . . .").

[6] Courts within this Circuit have warned against the use of the All Writs Act as a means to circumvent the procedural requirements of AEDPA.  <u>See, e.g.</u>, <u>Mora v. United States</u>, No. 11-CV-561 (CBA), 2011 WL 891440, at *2 (S.D.N.Y. Dec. 19, 2014) (holding that the petitioner could not use the common law writ where the arguments could have been raised in a § 2255 petition due to the fact that the petitioner was still in custody).

Panton has filed, the Court lacks jurisdiction to consider it without authorization by the Court of Appeals.  See 28 U.S.C. § 2244(b)(3)(A), § 2255(h).  Even if this Court were to consider Mr. Panton's § 2255 petition on the merits, however, the Court observes that the motion fails to point to "newly discovered evidence" or "a new rule of constitutional law, made retroactive to cases on collateral review."  See 28 U.S.C. § 2255(h).  Thus, the application would, in all likelihood, be denied.

B. Merits of Mr. Panton's Writ of Coram Nobis Petition

Even if Mr. Panton were not considered "in custody" for the purposes of coram nobis relief, the Court would deny his petition.  A writ of coram nobis is limited to "those cases in which errors of the most fundamental character have rendered the proceeding itself . . . invalid."  Foont, 93 F.3d at 78.  A petitioner must show that "errors of the most fundamental character have rendered the proceeding . . . invalid" and "that sound reasons exist for failure to seek appropriate earlier relief."  Mandanici, 205 F.3d at 424.

In the instant petition, Mr. Panton raises no argument that he did not raise previously in his prior habeas petitions.  He argues that his 1992 conviction of conspiracy to distribute and possess a controlled substance is invalid because the jury was not instructed to find that Mr. Panton conspired to distribute or possess a particular quantity of heroin.  (See Motion to

9

Vacate at 1.)  Relying on Apprendi v. New Jersey, 530 U.S. 466 (2000),[7] Mr. Panton contends that the drug quantity was, in fact, an element of the offense, which needed to be proved beyond a reasonable doubt. (Motion to Vacate at 1-2.)

Judge Kram considered this same argument in 2002, on review of Mr. Panton's 28 U.S.C. § 2255 motion, and found that the rule in Apprendi did not apply retroactively on collateral review. Panton, 2002 WL 655206, at *3.  There, the Court also found that application of Apprendi would not have altered Mr. Panton's sentence anyway.  See id. at *4.  Moreover, those arguments were rejected under a standard considered less stringent than that which applies for a writ coram nobis.[8]

Accordingly, Mr. Panton has already raised the Apprendi argument, through the appropriate channels of relief, and the Court denied it on the merits.  Because he has raised no new facts, let alone ones that would tend to show the commission of

---

[7] Apprendi v. New Jersey sets forth the rule that any fact except a prior conviction "that allows a judge to impose a sentence above the statutory maximum" is a determination for the jury. See Cunningham v. California, 549 U.S. 270, 275 (2007).

[8] See Kaminski, 339 F.3d at 90 ("[C]oram nobis . . . operates under rules that are generally more stringent than those applicable to habeas.").

a "most fundamental" error, <u>Foont</u>, 93 F.3d at 78, the extraordinary writ of <u>coram nobis</u> is unwarranted.

Similarly, because post-conviction relief through 28 U.S.C. § 2255 is available, and, in this case, has been sought, no constitutional questions are raised about Mr. Panton's ability to challenge his conviction.  Therefore, there are no grounds to apply <u>audita querela</u>.[9]

## IV. <u>Conclusion</u>

For the foregoing reasons, Mr. Panton's motion [dkt. no. 926] is DENIED.

The Clerk of the Court is directed to mail a copy of this order to Mr. Panton.

**<u>SO ORDERED.</u>**

Dated: December 8, 2021
       New York, New York

_Loretta A. Preska_
LORETTA A. PRESKA
Senior United States District Judge

---

[9] The writ of <u>audita querela</u> has been held to lie only when the absence of alternate means by which to raise collateral challenges presents possible constitutional issues.  <u>See</u> <u>Richter</u>, 510 F.3d at 104.