UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>      Plaintiff,<br><br>-against-<br><br>ROBERT PANTON,<br><br>      Defendant. | No. 89-CR-346 (LAP)<br><br>ORDER |

LORETTA A. PRESKA, Senior United States District Judge:

  Before the Court is the pro se motion of Defendant Robert Panton for early termination of supervised release. (Dkt. no. 944.)

  On January 29, 1992, Mr. Panton was found guilty, following a jury trial, of conspiracy to possess with intent to distribute heroin, in violation of 21 U.S.C. §§ 812, 841(a)(1), and 841(b)(1)(A). Mr. Panton was sentenced on May 25, 1994 to life imprisonment followed by a term of five years supervised release.

  On August 4, 2020, this Court granted Mr. Panton's motion for compassionate release pursuant to 18 U.S.C. § 3582(c), concluding that "[t]here can be no doubt that Mr. Panton has fully rehabilitated himself, and there is no need for further incarceration to protect the public from additional crimes by Mr. Panton." (Dkt. no. 919 at 23.)

A district court may, in its discretion, "after considering the factors set forth in section 3553(a)(1), (a)(2)(B), (a)(2)(C), (a)(2)(D), (a)(4), (a)(5), (a)(6), and (a)(7)," grant a defendant's motion for early termination of supervised release "after the expiration of one year of supervised release . . . if [the court] is satisfied that such action is warranted by the conduct of the defendant released and the interest of justice." 18 U.S.C. § 3583(e). In particular, courts consider the nature and circumstances of the offense and the history and characteristics of the defendant, considerations of deterrence, incapacitation and rehabilitation of the defendant, the sentencing range and policies in the Sentencing Commission's guidelines for the offense committed, the need to avoid unwarranted sentencing disparities among similarly-situated defendants, and the need to provide restitution to any victims of the offense. See 28 U.S.C. § 3553(a).

Upon his release from BOP custody in August 2020, Mr. Panton entered ICE custody for approximately 8 months. Since approximately April 2021, he has been on supervised release. Hence, he has served at least one year of supervised release as required under the statute.

The Court concludes, after considering the Section 3553(a) factors, that early termination of supervised release is warranted in this case because it is in the interest of justice.

As the Court noted in its order granting Mr. Panton's motion for compassionate release:

> Over some three decades in high and medium security facilities, Mr. Panton has 1) maintained a good disciplinary record, 2) taken advantage of numerous courses and other opportunities to enable a law-abiding life, 3) evidenced a desire to help the outside community during which he demonstrated incredible empathy and compassion in an encounter with a child sex abuse victim, 4) maintained an exceptional degree of contact with his children, and, 5) unfortunately, developed several serious health issues. Because all of Mr. Panton's co-conspirators, except George Rivera, the leader of the drug organization, have been released or have release dates, releasing Mr. Panton would avoid a sentencing disparity.

Id. at 18-19.  Mr. Panton has continued to put his money where his mouth is, avoiding recidivism while on supervised release and focusing his attention on his noble pursuit of working with at-risk youths and imparting on them his wisdom and guidance.

For all of these reasons, as elaborated further in the Court's order granting Mr. Panton compassionate release, the Court concludes that early termination of Mr. Panton's supervised release is in the interest of justice.

Mr. Panton's motion [dkt. no. 994]is GRANTED. The Clerk of the Court is directed to mail a copy of this order to Mr. Panton at his last known address:

    Robert Panton
    17 Willow Place #1
    Yonkers, NY 10701

**SO ORDERED.**

Dated: June 8, 2022
       New York, New York

_____
LORETTA A. PRESKA
Senior United States District Judge